NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**JUN 13 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRYSTAFER L. BROWN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-2748

D.C. No.
3:23-cv-05050-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted June 11, 2025[**]
Portland, Oregon

Before: SCHROEDER, TALLMAN, and OWENS, Circuit Judges.

Krystafer L. Brown appeals the district court's judgment upholding the

Administrative Law Judge's ("ALJ") denial of disability insurance benefits and

supplemental security income under the Social Security Act. Brown had several

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medically determinable impairments, including fibromyalgia, a hip impingement, and obesity, as well as depression and other mental impairments. She claimed she was unable to stand or sit for prolonged periods, found it difficult to concentrate, and suffered from severe anxiety and panic attacks.

Despite her claimed limitations, Brown consistently worked part-time, and sometimes close to full-time, for extended periods, including as a caregiver, cashier, and ride-share driver. She also engaged in a variety of activities involving significant social interaction.

The ALJ found that Brown had a residual functional capacity to perform a restricted range of light work and denied her applications at step five. Brown principally maintains that the ALJ erroneously rejected her testimony and that of her cousin and improperly evaluated the medical evidence. Her contentions are largely conclusory, however. The ALJ's determination did not rest on legal error, and it is supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

As the district court observed, the ALJ's analysis was not perfect. Nevertheless, the ALJ offered "specific, clear and convincing" reasons for rejecting Brown's testimony regarding the degree of her limitations. *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (citation omitted). Brown made statements that undermined her credibility, *see Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996), and her testimony conflicted with evidence of her work history and of the effectiveness of medications and therapy in controlling her mental symptoms, *see Smartt v. Kijakazi*, 53 F.4th 489, 499–500 (9th Cir. 2022); *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Her cousin testified that Brown's limitations were as debilitating as she claimed, and the ALJ properly discounted that testimony for similar reasons. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). It was also proper for the ALJ to assign less weight to medical opinions that Brown now highlights because those opinions conflicted with the referenced evidence and other medical opinions. *See Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020).

Brown has therefore not established that the ALJ failed to account for any limitations in determining her residual functional capacity. The ALJ found Brown could perform simple, light work in two-hour segments with limited public interaction. This finding accounts for her physical symptoms, social difficulties, and inability to meet high production demands. Brown has identified no basis for a remand to award benefits.

**AFFIRMED**.